

# Fourth Court of Appeals
## San Antonio, Texas

April 16, 2020

No. 04-20-00157-CV

**IN THE INTEREST OF I.G.F., A CHILD**

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2018-PA-02151
Honorable Peter Sakai, Judge Presiding

# O R D E R

On March 10, 2020, attorney Amanda Wilhelm filed a notice of appeal on behalf of T.S., the mother of the child at issue in this accelerated appeal. On March 25, 2020, the clerk's record was filed. The clerk's record includes Wilhelm's March 10, 2020 trial court motion seeking to withdraw as appointed counsel for T.S., but it does not contain a signed order granting that motion.

The reporter's record, which was also filed on March 25, 2020, contains the transcript of a March 18, 2020 hearing during which the trial court orally granted Wilhelm's motion to withdraw. The transcript also indicates the trial court's understanding that attorney Ana Hessbrook "has given verbal notice to all parties, and that she has been retained by the mother. . . . and will now continue as mother's counsel." Hessbrook did not appear during the March 18, 2020 hearing. However, the reporter's record indicates that attorney Charles Tabet, who represents the child's father, M.F., informed the trial court that he would "send e-mail notice to Ms. Hessbrook indicating what has happened today and indicating that she needs to follow up in light of the expedited appellate timetables for this particular case."

Hessbrook has not entered an appearance in this court on T.S.'s behalf, and because Wilhelm signed T.S.'s notice of appeal, she is still listed as T.S.'s attorney of record in this court. *See* TEX. R. APP. P. 6.1(a) ("Unless another attorney is designated, lead counsel for an appellant is the attorney whose signature first appears on the notice of appeal."). On April 7, 2020, Tabet filed a "Notice to the Court of Appeals" in this court, which stated that T.S.'s "new attorney"—presumably Hessbrook—"notified [Tabet] that she would be entering an appearance of behalf of [T.S.]." Tabet's notice also stated, however, that he was subsequently "notified by [T.S.'s] new attorney that she would not be appealing the final decision of the trial court" and that Tabet "agreed to notify this court of [T.S.'s] decision not to appeal the trial court's final decision." After receiving Tabet's notice, this court contacted both Hessbrook and Wilhelm on April 7, 2020 to inquire whether T.S. intended to pursue her appeal. This court has not received a response from either attorney.

This court may voluntarily dismiss a civil appeal in accordance with (1) "a motion of appellant" or (2) "an agreement signed by the parties or their attorneys." TEX. R. APP. P. 42.1(a). The sole appellant in this case, T.S., has not filed a motion to dismiss her appeal, and Tabet's notice is not signed by the parties or T.S.'s attorney. As a result, we retain this appeal on this court's docket.

Because this case was initiated by a petition to terminate T.S.'s parental rights, the disposition of this appeal is governed by the standards set forth in Rule 6.2 of the Texas Rules of Judicial Administration. TEX. R. JUD. ADMIN. 6.2. Accordingly, this appeal is required to be brought to final disposition within 180 days of the date the notice of appeal was filed. *Id.* T.S.'s brief was due on April 14, 2020 and has not been filed. T.S. is **ORDERED** to file her brief and a written response reasonably explaining her failure to timely file the brief **by May 1, 2020**. If, instead, T.S. seeks to have this appeal voluntarily dismissed, she must file a motion that complies with Texas Rule of Appellate Procedure 42.1(a)(1) by **April 27, 2020**. The clerk of the court is **ORDERED** to serve this order on the parties, their attorneys of record in this court, and attorney Ana Hessbrook.

_____
Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 16th day of April, 2020.

_____
Michael A. Cruz,
Clerk of Court